UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-23539-CIV-COOKE/TURNOFF

TIMOTHY RUGGIERO,

    Plaintiff
vs.

ELIZABETH K. RICHERT,

    Defendant.
_____/

## OMNIBUS ORDER ON MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER is before me on Plaintiff Timothy Ruggiero's Motion for Summary Judgment in Support of Petition to Vacate Arbitration Award (ECF No. 26) and Defendant Elizabeth K. Richert's Cross Motion for Summary Judgment. (ECF No. 27). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Plaintiff's motion is denied and the Defendant's motion is granted.

### I. BACKGROUND

On or about March 4, 2008, Elizabeth Richert ("Richert") initiated arbitration proceedings against Next Financial Group and Brookshire Securities Corporation with the Financial Industry Regulatory Authority ("FINRA"). In her statement of claim, Richert asserted the following causes of action: (1) failure to treat her in a just and equitable matter; (2) breach of contract; (3) breach of fiduciary duty; (4) common law fraud and fraudulent misrepresentation; and (5) negligence, negligent supervision, negligent misrepresentation and gross negligence. Richert's claims related to her investments in Opsware, Inc., Tibco Software Inc., and Advanced Micro Devices. On May 12, 2009, Timothy Ruggiero ("Ruggiero") signed an Agreement submitting to the jurisdiction of the Arbitration Panel (the "Panel")

On or about August 21, 2009 Ruggiero and his employer, Brookshire Securities, entered into a settlement agreement with Richert. The Agreement required Ruggiero to pay Richert $17,500.00 by November 1, 2009. Ruggiero failed to comply with the settlement agreement. On or about December 10, 2009, Richert filed a Motion for an Award for Ruggiero's failure to comply with the Settlement Agreement. Then, on February 25, 2010, the Panel issued an order requiring Ruggiero to pay Richert $17,500.00 plus accrued interest within 14 calendar days. Ruggiero failed to comply with the Panel's order. On June 7, 2010, the Panel cautioned Ruggiero that failure to pay Richert the required amount would result in sanctions being imposed against him pursuant to FINRA Rule 12212(a)[1]. Again, Ruggiero failed to pay. Accordingly, the Panel scheduled an evidentiary hearing for July 16, 2010. Prior to the evidentiary hearing, Richert filed an affidavit amending her request for relief to include: (1) costs in the amount of $9,109.07; (2) attorneys fees in the amount of $19,500.00; and (3) compensatory damages in the amount of $286,000.00. Ruggiero, who was on vacation with his children, was permitted to attend the hearing telephonically. The FINRA Panel awarded damages to Richert in the amount of $182,468.14 (the "Award").

On August 26, 2010, Ruggiero filed suit in state trial court challenging the Award. The action was subsequently removed to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b). Ruggiero seeks to have the Award vacated and Richert seeks to have the Award confirmed.

---

[1] Sanctions: (a) The panel may sanction a party for failure to comply with any provision in the Code, or any order of the panel or single arbitrator authorized to act on behalf of the panel. Unless prohibited by applicable law, sanctions may include, but are not limited to: assessing monetary penalties payable to one or more parties; precluding a party from presenting evidence; making an adverse inference against a party; assessing postponement and/or forum fees; and assessing attorneys' fees, costs and expenses. FINRA Code of Arbitration Procedure, Rule 12212(a).

## II. STANDARDS OF REVIEW

**Standard for Reviewing Arbitration Reward**

Judicial review of arbitration awards must be conducted with considerable deference. *Osram Sylvania, Inc. v. Teamsters Local Union*, 87 F.3d 1261, 1263 (11th Cir. 1996). An arbitration award can only be overturned if it violates one of the narrow statutory grounds set forth in the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a) (2010), and thereby demonstrates a manifest disregard for the law. *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 747 (11th Cir. 1988); *see also B.L. Harbert Intern., LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006) ("Judicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act."). The statutory grounds are as follows: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. Federal Arbitration Act, 9 U.S.C. § 10(a) (2010). Furthermore, in reviewing an arbitrator's award, federal courts should defer to an arbitrator's resolution of a dispute whenever possible. *Lifecare Int'l, Inc. v. CD Med., Inc.*, 68 F.3d 429, 433 (11th Cir. 1995).

**Standard for Summary Judgment**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the trial court is not "to weigh the evidence and determine the

truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there is no genuine issue of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Any inferences drawn form the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### III. ANALYSIS

#### A. Arbitrator's Denial of Postponement

Ruggiero argues that he was not afforded a meaningful opportunity to be heard because the arbitration hearing was scheduled for a date on which the Panel knew he was out of state. The hearing was conducted telephonically because Ruggiero was on vacation with his children. Ruggiero contends that the telephonic hearing violated procedural due process and that the Panel's refusal to postpone the hearing violated 9 U.S.C. § 10(a)(3).

Under the FAA, a district court may vacate an arbitration award if the arbitrator refused to postpone a hearing upon showing of sufficient cause. *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1016 (11th Cir. 1998); FAA 9 U.S.C. § 10(a)(3) (2010). "A mere difference of opinion, [however], between the arbitrator and the moving party as to the correct resolution of a procedural problem will not support vacatur under section 10(a)(3)." *Id.* On review, a court must consider "whether there was any reasonable basis for the arbitrator's refusal to postpone the hearing." *Schmidt v. Finberg*, 942 F.2d 1571, 1574 (11th Cir. 1991). An arbitrator's concern about the length of proceedings and the policy of expeditious dispute resolution can serve as a

reasonable basis for denying postponement. *Id.*; *El Dorado School Dist. No. 15 v. Continental Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001) (arbitrator was not guilty of misconduct for denying a motion for continuance which party filed based on a family member's outpatient surgery); *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1464 (10th Cir. 1995) (party's flimsy claim of unavailability due to overseas travel was insufficient to require delay of arbitration); *accord Hilliard v. J.C. Bradford & Co.*, 494 S.E.2d 38, 44 (Ga. 1997) (holding that a flare-up in a party's long-term, stress related illness the evening before a scheduled arbitration hearing did not require a postponement).

Ruggiero's continual failure to cooperate with the Panel's orders and the overall length of the proceedings provided justification for the Panel's decision to refuse postponement. In *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1016 (11th Cir. 1998), the Eleventh Circuit upheld an arbitrator's decision where a party had a scheduling conflict and was denied both postponement and the option of telephonic hearing. In the instant case, the FINRA Panel denied postponement but still allowed Ruggiero to attend the hearing telephonically. The Panel acted well within their procedural discretion in denying Ruggiero's request for postponement.

**B. Sanctions Imposed by Arbitrator**

Ruggiero argues that the arbitration panel exceeded its authority by striking his defenses at the proceeding on July 16, 2010. The main thrust of Ruggiero's argument is that the sanctions are in manifest disregard of the law because the Settlement Agreement did not provide for sanctions. "Arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes-but only those disputes that the parties have agreed to submit to arbitration." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). The agreement to arbitrate, however, includes submission to the procedural rules of the arbitrator. *Kashner Davidson Sec.*

*Corp. v. Mscisz*, 531 F.3d 68, 77 (1st Cir. 2008); *Alabama Ed. Ass'n v. Alabama Prof'l Staff Org.*, 655 F.2d 607, 608 (5th Cir. 1981) ("[p]rocedural questions should be left to the arbitrator").[2]

Under FINRA Rule 12212, Code of Arbitration Procedure, the Panel may issue sanctions for failure to comply with an order. The arbitrators imposed sanctions on Ruggiero, within the scope of Rule 12212, for his failure to pay Richert in compliance with previous orders. The FINRA Panel was well within its procedural authority in striking Ruggiero's defenses.

**C. Amount of Award**

On July 27, 2010, the Panel awarded Richert damages in the amount $182,468.14. Ruggiero's claims that the award was in excess of Richert's claim for relief. The record, however, clearly shows that Richert filed an amended statement of claim on June 7, 2010. In that amended statement of claim Richert requested: (1) costs in the amount of $9,109.07; (2) attorneys fees in the amount of $19,500.00; and (3) compensatory damages in the amount of $286,000.00. (*FINRA Arbitration Award*, ECF No. 1, Ex. C). The Panel's award, therefore, was not in excess of Richert's claim.

In addition, Ruggiero argues that the arbitration panel failed to consider the $17,500.00 that he already paid Richert. Despite the Panel's repeated orders to do so, Ruggiero failed to pay the sum in a timely manner. Ruggiero then wired funds in the amount of $17,500.00 to Richert on June 14, 2010. At the evidentiary hearing, the Panel considered damages "over and above the $17,500.00 stipulated amount." (*Id.*). The Panel thus considered Ruggiero's $17,500.00 payment.

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Plaintiff Timothy Ruggiero's Motion for Summary Judgment (ECF. No. 26) is **DENIED**, and Defendant Elizabeth K. Richert's Cross Motion for Summary Judgment (ECF No. 27) is **GRANTED**. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 18th day of July 2011.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge